FILED

2010 JAN 25 PM 12: 06

IN THE UNITED STATES DISTR ICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

CASE NO.: 8:09CV2492-T26T6W

DEBRA L. FISCHER
                    Plaintiff,
vs.

CAPITAL ONE BANK (USA), NA;
HAYT, HAYT & LANDAU, P.L.;
ROBERT J. OROVITZ;
ANA HERNANDEZ;
JASON DRAGUTSKY;
DANA M. KALMAN;
ED AIOSA

                    Defendant(s)
_____/

## DEFENDANT, HAYT, HAYT & LANDAU, P.L.'S, MOTION TO DISMISS PLAINTIFF'S COMPLAINT

COMES NOW the Defendant, Hayt, Hayt & Landau, PL, by and through its undersigned attorney and hereby files this its Motion To Dismiss Plaintiff's Complaint and as grounds therefore would show the Court as follows:

1. Plaintiff's alleges that two communications were made to Plaintiff apparently by ALL of the named Defendants herein. First on November 4, 2008 HAYT, HAYT & LANDAU, P.L. sent an initial demand letter to Plaintiff attempting to collect on an alleged debt purportedly owed by Plaintiff to Capital One Bank.

2. The second communication was a lawsuit filed in State Court to collect on the outstanding balance due and owing on Plaintiff's Capital One Bank credit card account. As the initial demand letter was sent greater than one year prior to the filing of this action, the only communication that could form the basis of an FDCPA claim is what is contained in the underlying lawsuit.

3. Count I of Plaintiff's Complaint herein, paragraph 26(a) alleges that Defendants violated the Fair Debt Collections Practices Act ("FDCPA"), specifically 15 USC §1692c, by communicating with the consumer without the prior consent given directly to debt collector.

4. Plaintiff misquotes the Act which states that the debt collector needs prior consent to communicate with a consumer:

(1) at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. In the absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is after 8 o'clock antimeridian and before 9 o'clock postmeridian, local time at the consumer's location;

(2) if the debt collector knows the consumer is represented by an attorney...

(3) at the consumer's place of employment...

Plaintiff fails to correctly quote the Act and in addition fails to allege specific facts surrounding Plaintiff's allegation of such violation. Plaintiff's Complaint must be dismissed as a matter of law.

5. Paragraph 26(b) of the Complaint herein alleges a violation of 15 USC 1692c(3)c, specifically alleging by not ceasing communication if a consumer notifies a debt collector in writing that the consumer refuses to pay a debt.     15 USC 1692c(3)c does not exist. Therefore, it fails to state a cause of action and must be dismissed as a matter of law. There is no statute that requires a cessation of communication if the debtor refuses to pay the debt.

6. Paragraph 26(c) of the Complaint herein alleges Defendants violated 1692e(2) by falsely representing the character, amount or legal status of any debt. Plaintiff fails to state a cause of action. The only communication Defendant served upon Plaintiff was a lawsuit, which is still pending in State Court. Plaintiff fails to state how Defendants falsely represented the character, amount or legal status of the debt.

7. Paragraph 26(d) of the Complaint herein alleges Defendant violated 15 USC 1692e(8) by communicating or threatening to communicate to any person credit information which is known or which should be know to be false, including the failure to communicate that a disputed debt is disputed. Plaintiff fails to state a cause of action. Plaintiff fails to state facts surrounding such allegation. Nowhere in Plaintiff's Complaint does Plaintiff allege to whom Defendant communicated to or threatened to communicate credit information. In addition, Plaintiff fails to allege how Defendant knew or should have known that the credit information is false. Plaintiff's Complaint must be dismissed as a matter of law. The Plaintiff fails to state which, if any, of the several Defendants here made such communications, to whom they were made, when and how they were made.

8. Paragraph 26(e) of the Complaint herein alleges Defendant violated 15 USC 1692e(10) by the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. Plaintiff's Complaint must be dismissed as Plaintiff fails to allege what false representation or deceptive means Defendant used. Plaintiff only alleges that Defendant filed a lawsuit in State Court to collect on Plaintiff's outstanding Capital One Bank credit card account. If there were any other actions other than the filing of the underlying state court action, Plaintiff fails to allege which of the many Defendants took such action as well as when and how such actions were taken.

9. Paragraph 26(f) of the Complaint herein alleges that Defendant violated 15 USC 1692e(11) by failing to disclose in the initial communication with the consumer that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the

failure to disclose in subsequent communications that the communications is from a debt collector. Plaintiff failed to attach the initial communication to Plaintiff's Complaint. If Plaintiff had attached the initial demand letter, the Court would see that Plaintiff did in fact state that Defendant is trying to collect a debt and that any information obtained will be used for that purpose. Notwithstanding the failure to attach the initial communication, by the Plaintiff;s own allegations, the initial communication occurred more than one year prior to the filing of this action and accordingly, the Statute of Limitations has run on such claim.

10. In Paragraph 26(g) of the Complaint herein Plaintiff alleges Defendant violated 15 USC 1692e(14) by the use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization. Plaintiff states no factual basis for this allegation and therefore it must be dismissed as a matter of law. No exhibits are attached to the Complaint so it is impossible to tell how or when the alleged violation occurred and which of the many Defendants may have done so.

11. Paragraph 26(h) of the Complaint herein Plaintiff alleges Defendant violated 15 USC 1692f(1) by the collection of any amount (including interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law. Again, Plaintiff fails to properly quote the Act. The Act specifically states, "a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt..." Plaintiff fails to allege specific facts surrounding the use of unfair or unconscionable means for collecting any amount. Plaintiff's Complaint must therefore be dismissed as a matter of law.

12. Paragraph 26(i) of the Complaint herein, Plaintiff alleges that Defendant violated 15 USC 1692g by not sending an initial demand letter. However, Plaintiff admits in Paragraph 14 of her Complaint that she received the first communication regarding the debt owed to Capital One. If Plaintiff had attached such letter to Plaintiff's Complaint, the Court would see that Defendant complied with the rules and regulations surrounding the initial demand letter. Plaintiff's Complaint must be dismissed as a matter of law. Also, the Statute of Limitations has run on any claim dealing with the initial communication.

13. Lastly, Plaintiff demands judgment for actual or statutory, and punitive damages, attorney's fees and costs, pursuant to 15 USC 1692k. However, Plaintiff has provided no factual basis for Plaintiff's entitlement to punitive damages. In addition, Plaintiff is not represented by an attorney and therefore cannot collect attorneys' fees. Plaintiff's demand for relief must be dismissed.

14. As to the pleading requirements to state a cause of action, see Reese vs JP Morgan Chase & Co., 2009 WL 3346783 (SD Fla). "A complaint warrants dismissal if a Plaintiff fails to specifically identify how conduct was unfair or unconscionable under 15 USC 1692f." Id at 11.

WHEREFORE, Defendant respectfully requests that this Honorable Court grant DEFENDANT, HAYT, HAYT & LANDAU, P.L.'S, MOTION TO DISMISS PLAINTIFF'S COMPLAINT.

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by mail this _____21_____ day of ___Jc.___, 2010 to: Debra L. Fischer 8047 Stimie Ave N  Saint Petersburg, Fl 33710.

Robert J. Orovitz
Attorney for Defendant Hayt, Hayt & Landau, PL
7765 SW 87 Ave, Suite 101
Miami, Florida 33173
(305) 661-6660
Federal Bar No.:

By:_____
    Robert J. Orovitz

Our File #:  100602