UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DEBRA L. FISCHER,

    Plaintiff,

v.                                          CASE NO:  8:09-cv-2492-T-26TGW

CAPITAL ONE BANK (USA), N.A.,
*et al.*,

    Defendants.
_____/

## O R D E R

**UPON DUE CONSIDERATION** of the well-pleaded allegations of the *pro se* Plaintiff's complaint, which this Court must accept as true at this juncture of the proceedings, and which, in light of the Plaintiff's *pro se* status, the Court must hold to a less stringent standard than formal pleadings drafted by an attorney and construe liberally,[1] it is **ORDERED AND ADJUDGED** that Defendant Hayt, Hayt, and Landau's Motion to Dismiss (Dkt. 9) is **denied**.  In the Court's view, Plaintiff's allegations are more than sufficient to raise a right to relief above the speculative level and to state a plausible claim for relief under the  Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*.  See Sinaltrainal v. Coca Cola Co., 578 F.3d 1252, 1260-61 (11th Cir. 2009) (citing

---

[1] See Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30 L.Ed. 2d 652 (1972).

Ashcroft v. Iqbal, 556 U.S. ___, 129 S.Ct. 1937, 1949, 173 L.Ed. 2d 868 (2009) and Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 561-62, 570, 127 S.Ct. 1955, 1968-69, 167 L.Ed. 2d 929 (2007)).

Additionally, the Court cannot say at this early juncture of the proceedings that the defense of the statute of limitations *clearly* appears on the face of the Plaintiff's complaint to the extent it bars recovery on her claims.  See Quiller v. Barclays American/Credit, Inc., 727 F.2d 1067, 1069 (11th Cir. 1984) (providing that a complaint may be dismissed for failure to state a claim "when its own allegations indicate the existence of an affirmative defense, so long as the defense *clearly* appears on the face of the complaint.") (emphasis added).  Defendant may raise the statute of limitations as an affirmative defense and renew this defense within the context of a motion for summary judgment after the completion of discovery.

Defendant shall file its answer and defenses to the complaint within fifteen (15) days of this order.

**DONE AND ORDERED** at Tampa, Florida, on January 27, 2010.

   s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record