## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

DEBRA L. FISCHER,

        Plaintiff,

v.                            CASE NO:  8:09-cv-2492-T-26TGW

CAPITAL ONE BANK, (USA), NA,
HAYT, HAYT, AND LANDAU, PL,
ROBERT J OROVITZ, ANA HERNANDEZ,
JASON DRAGUTSKY, DANA M. KALMAN,
and ED AIOSA,

        Defendants.

_____/

## O R D E R

The Court has before it Defendant Capital One Bank (USA), NA's Motion for Summary Judgment and Incorporated Memorandum of Law (Dkt. 51), Defendants Hayt, Hayt and Landau, PL, Robert J. Orovitz, Ana Hernandez, Jason Dragutsky, Dana Kalman, and Ed Aiosa's Omnibus Motion for Summary Judgment With Supporting Memorandum of Law (Dkt. 57), and *pro se* Plaintiff's Consolidated Brief in Opposition to Defendants' Motions (Dkt. 59).

### Statement of Claim

On December 9, 2009, Plaintiff Debra L.Fischer, filed this action against Capital One, Hayt, Hayt & Landau, PL ("HHL"), and five of HHL's individual attorneys for unlawfully attempting to collect on a debt.  She seeks damages pursuant to the Fair Debt

Protection Practices Act, codified at 15 U.S.C. §1692 *et seq*. ("the FDCPA").  Discovery in this case is now closed and all Defendants seek entry of final summary judgment in their favor.

## **Factual Background**

On April 10, 2005, Plaintiff submitted an application to Capital One seeking a business credit card account for Debra L. Fischer, PA.  (See Dkt. 51, Ex. 1, at ¶ 3 (Affidavit of Angel M. Flippen), and Ex. 1A (Credit Card Application). Plaintiff identified herself as president of her business, Debra L. Fischer, PA, and identified the business as a subchapter S corporation.  (See Dkt. 51, Ex. 1, ¶ 3.)  By May 24, 2008, the account had a past due balance of $2,275.03 in principal and $242.45 in interest, and Capital One referred the account to Defendant Hayt, Hayt, & Landau ("HHL"), a Miami law firm, for collection on or before November 4, 2008.  (See id. at ¶ 5; Dkt. 56, Ex. "A," ¶¶ 3-4.)  Defendant Dana M. Kalman ("Kalman") is the managing attorney of HHL and Defendants Robert J. Orovitz ("Orovitz"), Ana Hernandez ("Hernandez"), and Jason Dragutsky ("Dragutsky") are attorneys at HHL.

On November 4, 2008, HHL sent its first communication to Plaintiff regarding the subject debt.  (See Dkt. 56, Ex. A1.)  On December 4, 2008, HHL received a letter from Plaintiff requesting proof of the Capital One debt.  (See Dkt. 56, Ex. A2.)  On February 3, 2009, HHL sent correspondence to Plaintiff validating the debt owed to Capital One, which included a copy of the original Business Account Application signed by Plaintiff, as President of Debra L. Fischer, PA, a subchapter S corporation, copies of three (3)

monthly statements and a Capital One Cycle Facsimile Report, documenting the amount due to Capital One, the original creditor and the Capital One account number. (See id. at A3.) HHL filed a debt collection action against Plaintiff on August 6, 2009, in Pinellas County Court ("the Pinellas Case"). (See Dkt. 51, Ex. 1E, Dkt. 56, Ex. A4 (Complaint). Defendant Ed Aiosa ("Aiosa"), a Florida licensed attorney, was retained by HHL to serve as local counsel for Defendant Capital One Bank, in the Pinellas Case for the limited purpose of appearing on behalf of Capital One. (See Dkt. 56, Statement of Undisputed Facts, Ex. B,  Deposition of Ed Aiosa held October 27, 2010, p. 7.)

During the pendency of the Pinellas Case, Plaintiff filed an Amended Answer, asserting a counterclaim that HHL and its attorneys prepared fraudulent documents intending to deprive her of money and property. (See id. at Ex A5.)  The court dismissed the counterclaim with prejudice, specifically finding "no legal basis" for Plaintiff to sue Defendants HHL, Orovitz, Hernandez, Dragutsky, Kalman, and Aiosa. (See id. at Ex. 1F; Dkt. 56, Ex. A7 (Docket Report and Orders)).  After a February 4, 2010, pretrial conference and hearing on Capital One"s Motion for Summary Disposition, the Pinellas court rendered final judgment in favor of Capital One on February 23, 2010. (See id. at Ex. 1G; Dkt. 56, Ex. A6 (Judgment).)  In May 2010, Plaintiff filed a Motion to Vacate the Final Judgment, which was denied by the Pinellas court on July 7, 2010, and Plaintiff never appealed the Judgment. (See Dkt. 56, Ex. A8.)

3

**Standard of Review**

Summary judgment is appropriate where there is no genuine issue of material fact. Fed.R.Civ.P. 56(c). Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574 (1986). On a motion for summary judgment, the court must review the record, and all its inferences, in the light most favorable to the nonmoving party. See United States v. Diebold, Inc., 369 U.S. 654, 655 (1962). Having done so, the Court finds that there are no genuine issues for trial and that Defendants are entitled to the entry of final summary judgment in their favor. Plaintiff's FDCPA claim fails as a matter of law for two independent reasons: (1) the FDCPA applies to debt collectors and excludes creditors, like Defendants, from coverage; and (2) the FDCPA applies only to the collection of consumer debt and the account at issue is a commercial account.

**Discussion**

**I.  Defendants are  "creditors" not FDCPA "debt collectors".**

The FDCPA defines "debt collector" as, "any person who uses any instrumentality of interstate commerce or the mail in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts <u>owed or due or asserted to be owed or due another</u>." 15 U.S.C. 1692a(6) (emphasis added). A "creditor" is defined as "any person who offers or extends credit creating a debt…." 15 U.S.C. § 1692a(4). Here, Capital One extended credit and is by

4

statutory definition a "creditor."  Capital One is not a "debt collector," as it is not

attempting to collect a debt owed or due another.  Additionally, Aiosa testified at his

deposition that he was hired by HHL, as local counsel, to appear on behalf of Capital One

in a debt collection action in the Pinellas Case.  Aiosa  further testified that he appeared at

pretrial conferences in the Pinellas County Court in August 2009 and November 2009.

(See Dkt. 56, Ex. B, pp. 7, 17-18, 20-23, 26, 28-30.)   Otherwise, Aiosa had no

involvement with the collection of the subject debt before the filing of the Pinellas Case,

or the garnishment proceedings against Fischer, after the Pinellas County Court entered

judgment in favor of Capital One.  (See id.)  As attorneys at HHL Orovitz, Hernandez,

Dragutsky, Kalman and Aiosa are likewise not personally liable to Plaintiff in an

individual capacity in collecting the subject debt, and representing Capital One in the

Pinellas Case.

    As Defendants assert, "[t]he legislative history of section 1692a(6) indicated

conclusively that a debt collector does not include the consumer's creditors."  Perry v.

Stewart Title Co., 756 F.2d 1197, 1208 (5th Cir. 1985).  Further, it has been held that a

bank that is a creditor is not a debt collector for the purposes of the FDCPA and creditors

are not subject to the FDCPA when collecting their accounts."  Montgomery v.

Huntington Bank, 346 F.3d 693, 699 (6th Cir. 2003).  Capital One Bank (USA) NA has

already been found to be a bank creditor and not an FDCPA debt collector.  See Lufkin v.

Capital One Bank (USA), 2010 WL 2813437, at *5 (E.D. Tenn. 2010) (holding "[h]ere,

each of defendants [including Capital One Bank (USA) NA] is a "creditor" of plaintiff.

Because the defendants are not debt collectors under the meaning of the Act, plaintiff cannot maintain a claim against them under the FDCPA, and his claims for violation of the FDCPA will be dismissed.").

<u>II.  The debt at issue is a commercial debt not a consumer debt.</u>

Existence of a "debt" is a threshold requirement for the FDCPA's applicability. <u>See</u> <u>Hawthorne v Mac Adjustment, Inc.</u>, 140 F.3d 1367, 1370 (11th Cir. 1998).  The FDCPA defines a "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.…" 15 U.S.C. 1692a(5).  The FDCPA applies only to debts arising from consumer transactions and does not apply to commercial or business debt.  <u>Hawthorne</u>, 140 F.3d at 1371-72; <u>Dun & Bradstreeet, Inc. v. McEldowney</u>, 564 F.Supp. 257, 262 (D. Idaho 1983) (holding that the FDCPA does not apply to the collection of commercial accounts).  The Senate Report on the Fair Debt Collection Practices Act expressly defines the scope of the Act as applying "only to debts contracted by consumers for personal, family, or household purposes; it has no application to the collection of commercial accounts."  Consumer Credit Protect Act, S.Rep. No. 95-382 (1977).

In determining the nature of the debt, the Court must pay particular attention to the purpose for which credit was extended, and if the credit was extended for business or commercial purposes, the FDCPA does not apply.  <u>See</u> <u>Bloom v. I.C. Systems, Inc.</u>, 972 F.2d 1067, 1068-69 (9th Cir. 1992); <u>see</u> <u>also</u>, <u>First Gibraltar Bank, FSB v. Smith</u>, 62 F.3d

6

133, 135-36 (5th Cir. 1995).  Even where collection letters or calls are made to an

individual, if the debt is commercial, the FDCPA does not apply.  See Holman v. West

Valley Collection Serv., Inc., 60 F. Supp. 2d 935, 936-37 (D. Minn. 1999).  Here it is

undisputed that the credit at issue was extended to Debra Fischer, P.A., a subchapter S

corporation, for which Plaintiff was President, as identified on the Business Account

Application and the monthly account statements of the small business account of Debra

L. Fischer, P.A.  (See (Dkt. 51, Ex. 1, Affidavit, ¶ 3, and Exhibit 1A (Credit Card

Application); Dkt. 56, Ex. A3.)  Furthermore, Debra Fischer, P.A., stipulated and agreed

to use the account for commercial or business purposes and not for personal, family, or

household purposes.  (See Dkt. 51, Ex. 1, Affidavit, ¶ 8, and Ex. J (Customer

Agreement).)

     **ACCORDINGLY**, it is **ORDERED AND ADJUDGED**:

     Defendant Capital One Bank (USA), NA's Motion for Summary Judgment (Dkt.

51) and Defendants Hayt, Hayt and Landau, PL, Robert J. Orovitz, Ana Hernandez, Jason

Dragutsky, Dana Kalman, and Ed Aiosa's Omnibus Motion for Summary Judgment (Dkt.

57) are **GRANTED**.  The clerk is directed to enter final judgment in favor of Defendants,

terminate any pending motions, and close this case.

     **DONE AND ORDERED** at Tampa, Florida, on December 3, 2010.


                   s/*Richard A. Lazzara*
                   **RICHARD A. LAZZARA**
                   **UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
*Pro se* Plaintiff
Counsel of Record